**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBIN DUBOC KIMBELL, | No. 18-56260 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04767-FMO-SS |
| v. | |
| STEPHEN BENNER, Doctor; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted July 15, 2019**

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Robin Duboc Kimbell appeals pro se from the district court's judgment

dismissing her civil rights action seeking to recoup funds that were seized by the

federal government in connection with her ex-husband's criminal proceedings.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sua sponte dismissal under Fed.R.Civ.P. 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We affirm.

The district court properly dismissed Kimbell's claims against the judicial and prosecutorial defendants because these defendants are entitled to judicial immunity or quasi-judicial immunity. *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133-34 (9th Cir. 2001) (discussing judicial immunity, factors relevant to whether an act is judicial in nature, and extension of judicial immunity to officials other than judges "who perform functions closely associated with the judicial process" (citation and internal quotation marks omitted)).

The district court properly dismissed the remainder of Kimbell's action because Kimbell failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true) (citation and internal quotation marks omitted)); *see also Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991) (procedural due process requires "notice and an opportunity to respond in some manner").

Kimbell's motion for leave to file a supplemental memorandum of law (Docket Entry No. 11) is denied.

**AFFIRMED.**

18-56260